IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| NAZANIEN EBRAHIMI, ) | Case No. 1:15-CR-57-GBL |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Nazanien Ebrahimi's Motion for a Three-Week Continuance Due to Government Interference with Equal Access to Potential Witnesses (Doc. 26). This case involves a 19-count indictment charging Defendant with offenses arising from her business management of a dental practice. The issue before the Court is whether the Government's request that potential witnesses notify the Government if they are contacted by defense counsel, and the further request that the Government be present during any meetings with defense counsel, violates Defendant's right to have equal opportunity to access witnesses. The Court GRANTS Defendant's motion because the Government's requests improperly interfered with Defendant's ability to accesses witnesses in preparation for trial and because the Government's requests are likely to have influenced witnesses even though the requested actions were presented as voluntary.

I.   **BACKGROUND**

On February 26, 2015, a grand jury in this District issued a 19-count indictment charging Defendant Nazanien Ebrahimi with offenses arising from her business management of a dental practice. In anticipation of the trial, the Office of the Federal Public Defender contacted

potential witnesses to investigate the charges. After a significant number of witnesses stated that they either did not wish to speak to the defense or would only speak to the defense in the presence of a government agent, the defense asked the Government whether it had instructed witnesses to only speak to the defense in the presence of a Government agent. The Government acknowledged that it began interviewing potential witnesses in preparation for trial in August, 2015, and at these meetings made several "requests" of the witnesses. Specifically, the Government explained that it asked the witnesses to notify the Government if they were contacted by another party and asked to make a statement about the case. The Government also requested that if such a notification took place, the Government would request an agent to be present during the interview to memorialize any statement the witness provided. The Government stresses, and the Court does not doubt, that the Government informed the witnesses that all interviews, including those with the Government, were optional and voluntary.

## II. DISCUSSION

### A. Standard of Review

It is well-established that "[a] witness is not the exclusive property of either the government or a defendant; a defendant is entitled to have access to any prospective witness, although in the end the witness may refuse to be interviewed." *United States v. Walton*, 602 F.2d 1176, 1179-80 (4th Cir. 1979); *see also Callahan v. United States*, 371 F.2d 658 (9th Cir. 1967). Moreover, the Supreme Court has expressly recognized that a party's right to present her own witnesses in order to establish a defense is a fundamental element of due process. *Washington v. Texas*, 388 U.S. 14, 19 (1967). Consequently, "the right of the defense to have access to witnesses in a criminal case should be unfettered and free of government intervention." *United States v. Peter Kiewit Sons' Co.*, 655 F. Supp. 73, 77 (D. Colo. 1986); *accord* ABA Criminal

Justice Standards for the Prosecution Function 3-3.4(h) ("The prosecutor should not discourage or obstruct communication between witnesses and the defense counsel"). "[W]hen the free choice of a potential witness to talk to defense counsel is constrained by the prosecution without justification, this constitutes improper interference with a defendant's right of access to the witness." *Kines v. Butterworth*, 669 F.2d 6, 9 (1st Cir. 1981). "Justification on the part of the prosecution to interfere with that right can be shown only by the clearest and most compelling considerations." *Id.* The D.C. Circuit Court of Appeals held in *Gregory v. United States* that a request to have a government agent present at meetings between witnesses and the defense was impermissible interference with the defendant's right to access witnesses. 369 F.2d 185, 188 (D.C. Cir. 1966). In *Gregory*, the prosecutor said: "I instructed all the witnesses that they were free to speak to anyone they like. However, it was my advice that they not speak to anyone about the case unless I was present." *Id.* at 187. The court held that because both sides must have an equal opportunity to interview witnesses the prosecutor's conduct violated defendant's due process rights. *Id.* at 188. Improper interference of the defense's access to witnesses has also been found where the prosecution requests that the witness notify the Government if the witness is contacted for an interview by the defense. *See United States v. Rodriguez-Berrios*, 376 F. Supp. 2d 118, 120 (D.P.R. 2005) (holding that "the Government's request for prior notification of defense interview requests constitutes a limit on defense access to witnesses").

**B. Analysis**

The Court GRANTS Defendant's motion because the Government's conduct impermissibly interferes with the right to equal access to witnesses for two reasons. First, such requests necessarily obstruct Defendant's legitimate need for unhindered access to information in preparation for trial. Second, the Government's communication with potential witnesses could

reasonably have been interpreted by the witnesses as an instruction by the Government or could have otherwise impermissibly influenced the witnesses.

First, the Court finds the Government's communication to potential witnesses was inappropriate and impermissible. In *Gregory*, the prosecutor stated to witnesses that "it was [his] advice that [the witnesses] not speak to anyone about the case unless [he] was present." 369 F.2d at 187. Concluding that this advice denied the defendant a fair trial, the court found no legal principle that "gives the prosecutor the right to interfere with the preparation of the defense by effectively denying defense counsel access to the witnesses except in his presence." *Id.* at 188. The court found that such conduct was "unquestionably a suppression of the means by which the defense could obtain evidence" and therefore resulted in the denial of a fair trial. *Id.* at 189. *See also IBM Corp. v. Edelstein*, 526 F.2d 37, 42 (2d Cir. 1975) (such requests necessarily obstruct a defendant's "legitimate need for confidentiality in the conduct of attorneys' interviews, with the goal of maximizing unhampered access to information and ensuring the presentation of the best possible case at trial.").

The Government argues that Defendant mischaracterizes the Government's communication with the potential witnesses. The Government concedes that it requested that witnesses permit a federal agent to be present during defense interviews and notify the Government if contacted by the defense. However, the Government maintains that in its communications with witnesses, it emphasized that the witnesses could speak with whomever they want under whatever conditions they choose.[1] Furthermore, the Government seeks to distinguish the present matter from the facts in *Gregory*, explaining that in *Gregory* the

---

[1] The Government notes that a witness cannot be compelled to submit to a pretrial defense interview. *United States v. Tipton*, 90 F.3d 861, 898 (4th Cir. 1996); *see also Byrnes v. United States*, 327 F.2d 825, 832 (9th Cir. 1964) ("[I]t is true that any defendant has the right to attempt to interview any witnesses he desires. It is also true that any witness has the right to refuse to be interviewed, if he so desires (and is not under or subject to legal process").

prosecutor *instructed* the witnesses not to communicate with anyone unless he was present, whereas communication in dispute was simply a *request*.

Here, the Government misinterprets the *Gregory* decision. As the court explained in *Gregory*, "the prosecutor stated he did not *instruct* the witnesses not to talk to defense counsel. He did admit that he advised the witnesses not to talk to anyone unless he, the prosecutor, were present." 369 F.2d at 188 (emphasis added). The court in *Gregory* "accept[ed] the prosecutor's statement as to his advice to the witnesses as true." *Id.* There was no "instruction" by the prosecutor to require the presence of a federal officer at defense interviews, no "directive," and no "mandate"—only advice which the court found "frustrated" defense counsel's "fair opportunity" to interview witnesses. *Id.* at 189. The Government has not adequately distinguished the facts in *Gregory* from the present matter. Accordingly, the Court holds that *Gregory* is applicable, and the Government's communication in the present case similarly interfered with Defendant's right to an equal opportunity to investigate and conduct witness interviews.

Second, the Court finds the Government's communications with potential witnesses, taken in context, could reasonably have been interpreted by the witnesses as an instruction or could have otherwise impermissibly influenced the witnesses. The Government argues that the requests were made in order to protect witness that were particularly vulnerable given their age, education, level, and or income. The Government cites *United States v. Brown*, 2010 WL 3359471 (S.D. Tex. 2010), an unpublished opinion where the court denied the defendant's motion to dismiss which relied on *Gregory*. Aside from having a different procedural posture, *Brown* is distinguishable from the present matter because the potential witnesses in that case were sophisticated employees of Merrill Lynch, each advised by independent counsel. The

potential witnesses here, as the Government itself stresses, may be particularly susceptible to influence. A direct request made to a witness in the context of an interview with lawyers from the United States Attorney's Office is likely to carry great weight and authority in the eyes of a potential witness. Thus, even if the Government's communications with potential witnesses in the present case were characterized as "requests," and notwithstanding statements to witnesses that interviews and the conditions under which they are conducted are voluntary, these communications impermissibly interfered with the defendant's right to equal access to witnesses.

### III. CONCLUSION

The Court GRANTS Defendant's motion and finds that the Government's request for notice of contact by the defense and the request to be present at defense interviews is improper and offends the well-settled principles that a witness "is not the exclusive property of either the government or a defendant" and that fairness and due process require the parties have equal opportunity to access witnesses in preparation for trial. *Walton*, 602 F.2d at 1179-80; *Gregory*, 369 F.2d at 188 (D.C. Cir. 1966).

Accordingly, it is hereby

**ORDERED** that a letter from the judge shall be distributed to potential witnesses with whom the Government has communicated, on Court letterhead, stating that "the Court understands that in this case counsel for the Government 'requested' that you notify the Government of interview requests by the defense and 'requested' that you allow the presence of a Government agent at a defense interview. These requests are not in keeping with the Court's judgment here that as a witness, you are equally available to lawyers for the defense and the Government at your own discretion." The letter shall further instruct the witnesses, "As a witness who may testify in court, you have the option to consent to an interview by counsel for

the defendant and counsel for the Government. You have the option to decline such an interview if you are inclined. An interview outside of court is a way the lawyers can learn more about your proposed testimony in preparation for trial. You are not required to notify the Government of contact with defense counsel. You are also not required to have a Government agent present at your interview, if you decide to consent to an interview."

**IT IS FURTHER ORDERED** that the Government shall, within seven days of the date of this Order, provide the Court with a complete list of the names and addresses of potential witnesses of whom the Government made the requests at issue in this case.

**IT IS SO ORDERED.**

ENTERED this 9th day of October, 2015.

Alexandria, Virginia
10/9 /2015

/s/
Gerald Bruce Lee
United States District Judge

7